UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMERICAN SOUTHERN INSURANCE
COMPANY                                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:13cv689-DPJ-FKB

GEORGE RANDY WILLIAMSON, et al.                                                         DEFENDANTS

ORDER

This declaratory-judgment action is before the Court on Plaintiff American Southern Insurance Company's Rule 56(e) Motion to Supplement and/or for Alternative Relief [85]; Defendant George Randy Williamson's Motion to Strike Alleged Release Marked as Exhibit Three to American Southern Insurance Company's Amended Motion for Summary Judgment [87]; and Defendant George Randy Williamson's Motion to Strike Affidavits of Kerry Rabalais and Constance B. Woods [92]. Having considered the matters raised therein, the Court will grant the motion to supplement and deny the motions to strike but permit Defendants an opportunity to engage in limited further discovery.

I.     Facts and Procedural History

Plaintiff American Southern issued a commercial general-liability policy to Donald Nall d/b/a Nallmark Electrical Contractors for the policy period running from February 6, 2010, through February 6, 2011. In April 2010, Defendant George Randy Williamson was injured while assisting Nall in an electronic contracting job. Nall died in August 2012, and Williamson thereafter sued Nall's estate and others in the County Circuit Court of Hinds County, Mississippi, for damages resulting from his April 2012 injury.

In October 2013, the Nall Estate demanded a defense from American Southern. In response, American Southern filed this declaratory-judgment case against Williamson, the Nall Estate, and Nallmark, seeking a declaration as to its coverage obligations. Compl. [1]. Following the close of discovery, American Southern moved for summary judgment. Among its arguments in support of its motion, American Southern asserted that before his death, Nall released American Southern from any further liability arising out of the April 2012 incident. American Southern attached a copy of the purported release to its motion. Pl.'s Mem. [76] Ex. 3.

Before reaching the merits of American Southern's summary-judgment motion, the Court must address a dispute over Nall's alleged release. Defendants objected to the release on authentication grounds and moved to strike it. In response, American Southern moved to supplement the summary-judgment record, and American Southern has since submitted two affidavits that purport to authenticate the release. Rabalais Aff. [90-1]; Woods Aff. [90-2]. Williamson then moved to strike those affidavits, asserting that the witnesses were never identified in discovery.

II.     Analysis

Several provisions of Rule 56 impact the issues before the Court. Rule 56(c)(2) provides the basis for Defendants' objection to the release and explains that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." The comment to the rule expounds: "The burden is on the proponent [of the objected-to evidence] to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56, advisory committee notes to 2010 amendments. American Southern attempted to meet its burden by offering to supplement the

2

record with affidavits authenticating the release under Rule 56(e), which states: "If a party fails to properly support an assertion of fact . . . the court may: (1) give an opportunity to properly support or address the fact; . . . or (4) issue any other appropriate order."

Defendants object to the proposed supplementation on the basis that American Southern never disclosed the identities of the affiants during discovery. Under Federal Rule of Civil Procedure 26(a)(1)(A), a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . . ." Disclosures must be supplemented if they are determined to be incomplete, Fed. R. Civ. P. 26(e)(1)(A), "in no event later than the discovery deadline established by the case management order," L.U. Civ. R. 26(a)(5). In this case, the Court set a September 15, 2014 discovery deadline, and American Southern did not supplement its disclosures to list Rabalais and Woods before that deadline expired. And under Federal Rule of Civil Procedure 37(c)(1), such a failure would result in American Southern's inability "to use th[ose] . . . witness[es] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

American Southern first asserts that it did not violate Rule 26(a)(1) because it listed Rabalais's and Woods's employers—itself and Central Adjustment Company, Inc.—in its initial disclosures. But American Southern cites no authority for the proposition that disclosure of a potential witness's employer satisfies Rule 26(a)(1) as to that witness. And the Rule itself speaks of disclosing the name "of each individual" with discoverable information. Fed. R. Civ. P. 26(a)(1)(A). American Southern technically failed to comply with Rule 26(a)(1).

That said, the Court agrees with American Southern that the failure to disclose Rabalais and Woods was harmless.  Rabalais and Woods are needed only to authenticate the release, a document American Southern did identify in its initial disclosures.  Defendants have known about the release since March 7, 2014, at the latest.  The Court would prefer to rule on the motion for summary judgment on a complete record, and if the release can be authenticated, American Southern's failure to list authenticating witnesses should not render the potentially-admissible release inadmissible.  The Court will strike neither the release nor Rabalais's or Woods's affidavits.  *See Smith v. Normandy Properties, LLC*, No. 07-351, 2008 WL 4443827, at *2 (W.D. Penn. Sept. 26, 2008) (concluding that failure to disclose witnesses who would "only testify if certain documents need to be authenticated" was "harmless under Fed. R. Civ. P. 37(c)").

Finally, Williamson contends that the affidavits "are hearsay because Williamson has not had the opportunity to cross-examine [the witnesses] and the affidavits are offered to prove the truth of the matter asserted."  Mot. to Strike [92] ¶ 10.  To answer this concern, the Court will reopen discovery for a short time to permit Defendants to depose Rabalais and Woods.  In the event the summary-judgment briefing needs to be supplemented once those witnesses have been deposed, the Court will set an abbreviated supplemental briefing schedule.

III.    Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Plaintiff American Southern Insurance Company's Rule 56(e) Motion to Supplement and/or for Alternative Relief [85] is granted; Defendant George Randy Williamson's Motion to Strike Alleged Release Marked as Exhibit Three to American Southern Insurance Company's Amended Motion for Summary

Judgment [87] is denied without prejudice; and Defendant George Randy Williamson's Motion to Strike Affidavits of Kerry Rabalais and Constance B. Woods [92] is denied.  Discovery is hereby reopened for 30 days for the limited purpose of allowing the depositions of Kerry Rabalais and Constance B. Woods.  Following the limited discovery period, the parties should confer and contact the Court if further briefing is needed on the summary-judgment motion.

**SO ORDERED AND ADJUDGED** this the 15th day of December, 2014.

                                                 s/ *Daniel P. Jordan III*
                                                 UNITED STATES DISTRICT JUDGE